**AMERICAN CYANAMID COMPANY,**
**Plaintiff,**
v.
**Edward J. BRENNER, Commissioner of**
**Patents, Defendant.**
**Civ. A. No. 185–65.**

United States District Court
District of Columbia.

May 6, 1966.

William P. Spielman, Washington, D. C., Theodore C. Virgil, Stamford, Conn., for plaintiff.

Joseph Schimmel, Sol., Raymond E. Martin, Washington, D. C., of counsel, for defendant.

JACKSON, District Judge.

This is a civil action to obtain a patent under 35 U.S.C. § 145. Upon review of all the evidence in the case and the briefs of counsel, the Court finds against the defendant and in favor of plaintiff, which is entitled to receive a patent for the invention specified in Claims 1 and 4 to 6 of application Serial No. 151,443, filed November 10, 1961 by assignor Charles E. Lewis, for "Cationic Azo Dyes."

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. This is an action under Section 145 of Title 35 of the United States Code. Plaintiff, American Cyanamid Company, is the assignee of the entire interest in the application for Letters Patent, Serial No. 151,443, filed by Charles E. Lewis on November 10, 1961, for "Cationic Azo Dyes."

2. Plaintiff seeks to have the Court authorize the issuance of a patent based on Claims 1 and 4 through 6 of the aforesaid application Serial No. 151,443, which claims were finally refused by the Board of Appeals of the United States Patent Office.

3. Prior to the making of the invention disclosed and claimed in the application in suit, a certain azo compound was proposed for use as a cationic dye on acrylic (polyacrylonitrile) fibers in Bossard U. S. Patent No. 2,864,813. In the Bossard patent, Example 3 of the patent discloses obtaining the azo compound by reacting the sodium diazotate of 2–aminopyridine and beta-naphthol and then reacting the resultant coupled compound with p-toluene sulphonic acid ethyl ester.

4. Prior to the making of the invention disclosed and claimed in the application in suit, a certain azo compound was proposed for use as a dye on acrylic fibers in British Patent No. 789,263. The British patent discloses obtaining the azo compound by reacting a diazonium compound from 2–aminopyridine and 2–naphthol (or beta-naphthol) and then reacting the resultant coupled product with a quaternizing agent, dimethyl sulfate, to produce violet dyeings. Production of a violet dyeing necessitates effecting the reaction in the presence of an alkaline material such as sodium carbonate.

5. The compounds claimed in the application in suit are cationic azo dyes which may be defined chemically as 1–alkyl–3 – (2–hydroxy–1–naphthylazo) – pyridinium salts, in which the alkyl group may be methyl or ethyl, and are related to three other compounds disclosed in Bossard and the British patent on the

basis of position isomerism, that is, the point of attachment of the azo (–N=N–) group to the pyridine nucleus may be at the 2–position and/or the hydroxy (–OH) group on the naphthyl group may be at the 4–position.

6. The claimed compounds of the application in suit are bright yellow dyestuffs, which can be used in the usual dyeing procedures for acrylic fibers ranging from strongly acidic to highly basic pH conditions, namely, the DuPont method for "Orlon", the Chemstrand Corporation method for "Acrilan" and the dyeing method disclosed in Example 7 of British Patent No. 789,263 without undergoing a change in color.

7. The compound 1–methyl–2–(2–hydroxy–1–naphthylazo) pyridinium methyl sulfate, identified in the record as BX, is a position isomer of the compounds claimed in the application in suit and is disclosed in Example 3 of Bossard and Example 7 of the British patent. Compound BX produces orange dyeings when used in the acidic dyeing procedure of DuPont, but produces dyeings of brownish color when subjected to alkaline conditions in the dyeing procedures of Chemstrand and the British patent. Compound BX changes to a tautomeric form or resonant hybrid when it is subjected to alkaline conditions. The tautomeric form identified in the record as BQ(BI), reverts back to compound BX when it is subjected to acidic conditions. Compound BX and its tautomeric form behave alike as dyestuffs. They have poor to fair fastness to alkali when used in the acidic dyeing procedure of DuPont and poor to fair fastness to light when employed in the basic dyeing procedures of Chemstrand and the British patent.

8. The compound, 1–methyl–2–(4–hydroxy–1–naphthylazo) pyridinium iodide, identified in the record as compound CX, is another position isomer of the compounds claimed in the application in suit. Compound CX is a dyestuff which imparts a red color in any of the usual dyeing procedures of DuPont, Chemstrand and the British patent. Compound CX exhibits poor to fair fastness to light when used in any of the usual dyeing procedures.

9. The compound 1–methyl–3–(2–hydroxy–1–naphthylazo) pyridinium methyl sulfate, identified in the record as compound AX, is one of the compounds claimed in the application in suit. Compound AX is presently sold commercially by plaintiff at an annual rate of about $200,000.00. This compound was first sold in September, 1962, and sales have been steadily rising ever since. The volume of sales for compound AX is the largest among all dyestuffs being sold by plaintiff for acrylic fibers at present. The present sales of compound AX by plaintiff represent about 20% of the total market of yellow dyestuffs for acrylic fibers.

10. Good fastness to both light and alkali are essential properties of a commercially successful dyestuff. Compound AX is not deficient in respect to either of these essential properties, whereas compounds BX, BQ(BI) and CX are deficient in one or both of them.

11. Yellow color and violet color differ from each other in kind and are not merely different in degrees or shades of color. Yellow and violet are separated from each other by several other distinct colors (including green, blue, and indigo) in the visible color spectrum between infrared and ultraviolet.

## CONCLUSIONS OF LAW

1. The subject matter of Claims 1 and 4 through 6 of the application for Letters Patent Serial No. 151,443, filed by Charles E. Lewis on November 10, 1961, is unobvious and patentable over the disclosures of the following prior art:

    1. Bossard et al. U. S. Patent No. 2,864,813

    2. British Patent No. 789,263

2. Plaintiff is entitled to a patent containing Claims 1 and 4 through 6 of its application in suit. 35 U.S.C. §§ 103, 145. In re Papesch, 315 F.2d 381, 50 CCPA 1084 (CCPA 1963), Ex parte Brody and Leavit, 122 USPQ 611 (P.O. Bd.App.1959).